UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOWARD SCHWARTZ

        Plaintiff

CV - 09 5154

against

Civil Action Number

CHOICEPOINT INC., A LEXISNEXIS COMPANY.
NICHOLAS MICERA, LAWRENCE MICERA

(NSI)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 24 2009 ★

        Defendants

LONG ISLAND OFFICE

BIANCO, J

COMPLAINT AND DEMAND FOR JURY TRIAL

BOYLE, M.

I. Introduction

1. This is an action for damages brought by an individual consumer for violation of the Fair Credit Reporting Act, 15 U.S.C. **Section 1681(FCRA), and** state law obligations brought as supplemental claims

11. Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C. Section 1681(p) and the doctrine of pendent jurisdiction.

III. Parties

3. Plaintiff is a natural person residing in Suffolk County, New York.

4. Choicepoint Inc. . an insurance claims reporting agency and subject to the provisions **of the FCRA. Upon** information and belief Choicepoint is a foreign corporation licensed to do business in New York State. Choicepoint is owned by LexisNexis an Ohio corporation.

5. Defendants Lawrence Micera and Nicholas Micera are natural persons residing in Suffolk County, New York. They are the owner and driver respectively of defendants' vehicle mentioned herein.

IV. Factual Allegations

6. On May 23, 2007 at about 9:00AM plaintiff drove his vehicle into the Centereach Mall parking lot in Centereach, New York. He pulled up to an intersection within the parking lot. This intersection had a stop sign with a building directly on the driver's right. Plaintiff stopped at the white line and then proceeded to inch forward about four feet to see if any traffic was coming from the road behind the building. Plaintiff had intended to make a right turn onto this road. A driver cannot go straight at this stop sign. A turn to the left would be leaving the lot that plaintiff had just entered several feet down the road. Shortly before reaching the intersection a vehicle driven by defendant Nicholas Micera appeared directly in front of him coming from the road on the right. He appeared to be right next to plaintiff. Plaintiff was stopped at this point.

Defendant, instead of stopping, proceeded making a left turn onto plaintiff's road. While cutting short the turn defendant scraped the driver side front bumper corner of plaintiff's vehicle. When defendant saw the damage to his car he became very beligerent and said plaintiff was going to pay for all the damage. His attitude was that he was not going to take responsibility no matter what.

7. Plaintiff contacted defendant Choicepoint Inc. concerning inaccuracies in his insurance information. Both customer service and the legal department were made aware of these inacuracies and failed to correct them as required by the FCRA. They were provided full information including photographs. At one point the representative

agreed that the evidence was conclusive in plaintiff's favor. Plaintiff is aware of at least nine items of physical evidence that are consistent with plaintiff's position and not defendant's. The FCRA specifically requires defendant to consider evidence provided by the consumer.

## V. First Cause of Action
## Against Defendant Choicepoint, Inc.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

8. Plaintiff restates and reiterates herein all previous paragraphs.

9. Defendant's conduct violated the FCRA, 15 U.S.C. Section 1681.

Defendant's violations include but are not limited to the following.

a) Choicepoint Inc. willfully and/or negligently failed in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b) Choicepoint Inc. failed to conduct it's own investigation as required but instead blatantly rubber stamped false and innaccurate information of the insurance company.

c) Choicepoint Inc. continued to report the incident in question as "at fault" despite conclusive documentation and communication from the New York Insurance Department that this was false.

d) Although the insurance company had in it's records that plaintiff was at "partial fault" Choicepoint Inc. continued to report it as 100% at fault.

3

e) Choicepoint Inc. has not complied with the required time period in which to complete an investigation; to send a resolution notice; and to delete unverified information.

WHEREFORE, plaintiff respectfully requests that judgment be entered the defendant for: actual and statutory damages; punitive damages as the court may allow; the costs of this action plus appropriate attorneys' fees and such further relief as may be just and proper.

Second Cause of Action
Against Defendant Choicepoint, Inc.

DECEPTIVE TRADE PRACTICES

10. Plaintiff restates and reinterates herein all previous paragraphs.

11. Defendant's conduct and the above FCRA violations constitute deceptive trade practices pursuant to New York GBL 349.

12. Plaintiff's insurance company entered into a common plan with defendant to pay an unsubstantiated claim against plaintiff. Defendant carried this endeavor forward by reporting innaccurate and undocumented information.

13. Defendant admits that it rubber stamps the insurance company when it responds to a dispute. This blatantly contradicts the FCRA which states that it must conduct it's own investigation and consider documentation provided by the consumer. Apparently it is assumed that most consumers will not incur the costs to challange it.

4

14. The above caused plaintiff substantial emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant for actual damages; punitive damages; appropriate attorneys' fees; plus what further relief that the court deems proper.

### Third Cause of Action
### Against Defendant Choicepoint, Inc.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff restates and reiterates herein all previous paragraphs.

16. Defendant's actions constitute extreme and outrageous conduct exceeding the bounds tolerated by decent society.

17. Defendant's actions were intended to and did cause severe emotional distress or indicated a reckless indifference to the likelihood that such conduct would cause severe emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant for: actual damages; punitive damages; and what further relief that the court deems proper.

### Fourth Cause of Action
### Against Defendant Choicepoint Inc.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18. Plaintiff restates and reiterates herein all previous paragraphs

19. Defendant owed a duty to plaintiff to use legal and proper methods of investigating a dispute and reporting a claim.

20. Defendant breached the duty owed to plaintiff by continuing to report a claim that was not accurate without taking into consideration the evidence supplied by plaintiff and lack of documentation.

21. Plaintiff suffered actual harm and injuries resulting from defendat's conduct which were foreseeable.

WHEREFORE, plaintiff demands judgment against the defendants for actual damages plus whatever further relief that the court deems proper.

### Fifth Cause of Action
### Against Defendants Lawrence Micera and Nicholas Micera
### NEGLIGENCE

22. Plaintiff restates and reiterates herein all previous paragraphs.

23. Upon information and belief defendant Lawrence Micera, was the owner of a certain Hyundai automobile bearing New York Registration for the year 2007.

24. Upon information and belief that at all times hereinafter mentioned, the defendant, Nicholas Micera was operating the Hyundai with the express permission and consent of the aforementioned owner.

25. That at all times herein mentioned, the plaintiff was the owner and operator of a certain Ford automobile bearing New York State Registration for the year 2007.

26. That at all times herein mentioned, Middle Country Road and Centereach Mall parking area were and are public and much traveled Streets in the Town of Centereach, New York.

27. That on or about the 23rd day of May, 2007, while plaintiff was operating his Ford automobile in a westerly direction at an intersection within the Centereach Mall parking lot in the Town of Centereach, New York, the plaintiff's automobile was run into by the automobile owned by defendant Lawrence Micera, which was at that time being operated by defendant Nicholas Micera, turning in an easterly direction within the Centereach Mall parking lot along

Middle Country Road Town of Centereach, New York.

28. That the accident was caused soley by the carelessness and negligence of the defendants Nicholas and Lawrence Micera.

29. That by reason of the collision plaintiff's automobile was bent, and broken so that he will be required to expend sums of money in having it repaired.

WHEREFORE; plaintiff demands judgment against defendants in an amount to be determined upon the trial of this action, together with cost and disbursements of this action.

### Sixth Cause of Action
### Against Defendants Lawrence Micera and Nicholas Micera
### NEW YORK CIVIL PRACTICE LAW 1004 /CONVERSION

30. Plaintiff restates and reinterates herein all previous paragraphs.

31. Plaintiff herein has executed a subrogation receipt in favor of Geico General Insurance Company for any proceeds recovered from the benefits that Geico paid to the defendants relating to the incident herein.

32. Defendant Nicholas Micera knowingly made inaccurate and/or false assertions to plaintiff's insurance company regarding how the accident herein happened. Based upon these assertions said insurance company paid benefits to defendant Lawrence Micera who adopted such assertions. These actions by defendants amounted to a conversion of the funds paid to them by the insurance company. Defendants action caused severe mental anguish and emotional distress.

WHEREFORE: plaintiff demands judgment against the defendants for amounts improperly paid to them; interest; punitive damages; and what further relief that the court deems proper.

7

Seventh Cause of Action
Against Defendants Lawrence Micera and Nicholas Micera

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. Defendants actions in trying to tranfer responsibility to plaintiff constitute extreme and outrageous conduct exceeding the bounds tolerated by decent society.

35. Defendants' actions were intended to and did cause severe emotional distress or indicated a reckless indifference to the likelihood that such conduct would cause severe emotional distress.

WHEREFORE, Plaintiff demands judgment against the defendants for: actual damages; punitive damages; and what furher relief that the court deems proper.

Eighth Cause of Action
Against Defendants Lawrence Micera and Nicholas Micera

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff restates and reiterates herein all previous paragraphs.

37. Defendants owed a duty to plaintiff to use proper, legal and truthful methods in reporting the claim. Defendants breached this duty causing foreseeable harm and injury to plaintiff.

WHEREFORE: plaintiff demands judgment against the defendants for actual damages plus whatever further relief that the court deems proper.

A JURY TRIAL IS DEMANDED

Dated November 24, 2009
Patchogue, New York

HOWARD SCHWARTZ
Plaintiff Pro Se
98 Maple Avenue 2d
Patchogue, New York 11772
631-475-0296