UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HOWARD SCHWARTZ,

                 MEMORANDUM OPINION
         Plaintiff,         and ORDER

     -against-             CV 09-5154 (JFB) (ETB)

CHOICEPOINT, INC., A LEXISNEXIS COMPANY,
NICHOLAS MICERA and LAWRENCE MICERA,

          Defendant.
------------------------------------------------------------------------X

  The pro se plaintiff, an attorney, through supplemental jurisdiction, has joined the defendants, Micera, the owner and operator of a motor vehicle involved in an automobile accident with the plaintiff's vehicle in a parking lot in Centereach Mall in 2007. There is no personal injury alleged by plaintiff, and he seeks damages solely relating to the damage to his vehicle in the sum of $1,200.00. See invoice annexed to Reply Affirmation of James Michael Murphy, counsel for the Miceras.

  The basis for federal jurisdiction is an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. solely against the first named defendant, Choicepoint, Inc., which allegedly falsely reported the plaintiff as the party "at fault" in the accident - later modified to "partial fault." (Complaint at ¶¶ 9(c) and (d)).

  Choicepoint and the Miceras have a briefing schedule with respect to motions to dismiss. In the event that the motion is granted with respect to Choicepoint, Inc., the court has discretion, under 28 U.S.C. § 1367, to send the supplemental claims to the State Court.

  The movants here, the Miceras, raise substantial issues which provide "good cause" for issuance of a stay of discovery, pursuant to Rule 26(c), Fed. R. Civ. P. There is a substantial

-1-

standing issue raised by movants with respect to the plaintiff's Sixth Cause of Action for Conversion. Plaintiff seeks to recover the funds paid out by the Micera's insurer to the Miceras allegedly based on false statements made by the Miceras to their insurance company relating to the driver at fault in the accident. The movants also take issue with whether a parking lot fender-bender and the subsequent reporting of same supports the Seventh and Eighth Causes of Action for intentional infliction of emotional distress and negligent infliction of emotional distress, respectively. I agree.

For the foregoing reasons, the Miceras' request to stay discovery pending the outcome of the dismissal motions is granted.

**SO ORDERED:**

Dated: Central Islip, New York
August 11, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge